**Margie L. TEWELL, Appellant,**

v.

**Fred O. TEWELL, Respondent.**

**No. 55979.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 21, 1989.

Geoffrey Lynn Pratte, Farmington, for appellant.

Fred O. Tewell, Lewiston, Mass., pro se.

CARL R. GAERTNER, Judge.

Wife appeals from the order of the circuit court which granted husband's motion to modify a dissolution decree by terminating his obligation to pay child support. We affirm.

On May 6, 1988, the marriage of the parties was dissolved. The court adopted the separation agreement including husband's agreement to $75 per week for the support of one minor child, Rhonda, born November 1, 1970. On October 17, 1988, husband filed a motion to modify the decree by eliminating child support for the reason that Rhonda would be 18 on November 1, 1988 and his obligation to pay child support should terminate on that date. The motion was heard on November 4, 1988, and on November 21, 1988, the trial court sustained husband's motion. The court found that Rhonda had attained the age of 18, was not attending an institution of vocational or higher education and that her right to support terminated pursuant to § 452.340 Supp.RSMo.1988.

The identical issue was presented to our brethren in the Western District in *Kocherov v. Kocherov*, 775 S.W.2d 539 (Mo.App. 1989). In a thoroughly researched and well-reasoned opinion authored by the Honorable William E. Turnage, the court concluded:

> This court holds that [wife] had no vested right to receive future child support payments and therefore when the legislature provided that the obligation to pay child support terminated when the child reached the age of 18, a change of condition occurred which authorized the court to modify the judgment to terminate child support payments payable thereafter. Further, no accrued rights were affected by the change in age so that the statute does not have retrospective application and the savings statutes are not offended.

The opinion in *Kocherov*, which had not been handed down at the time the appellant's brief was filed herein, effectively disposes of the contentions asserted by wife. We perceive no need to reiterate the language of the *Kocherov* opinion.

Judgment affirmed.

STEPHAN and HAMILTON, JJ., concur.